IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN VOGEL, *et al.*,          )
                                  )
      Plaintiffs,         )
                                  )
      v.                    )   Civil Action No. 1:24-cv-02182 (RDA/LRV)
                                  )
RMAC TRUST SERIES 2016-CTT, *et al.*,  )
                                  )
      Defendants.       )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Safeguard Properties Management, LLC's ("Defendant Safeguard") Motion to Dismiss (Dkt. 3) and Defendants RMAC Trust Series 2016-CTT ("Defendant RMAC"), U.S. Bank Trust ("Defendant U.S. Bank Trust"), and Cypress Loan Servicing, LLC's ("Defendant Cypress Loan") Motion to Dismiss (Dkt. 15).  This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).  These matters have been fully briefed and are now ripe for disposition. Considering the Motions together with Defendants' Memoranda in Support (Dkts. 4, 16), Plaintiffs' Memorandum in Opposition (Dkt. 19),[1] and Defendant Safeguard's Reply (Dkt. 23), this Court GRANTS the Motions (Dkts. 3, 15) for the reasons that follow.

---

[1] The Court suspects Plaintiffs utilized artificial intelligence in the writing of their Memorandum in Opposition (Dkt. 19), This is highly inappropriate and Plaintiffs are hereby cautioned to refrain from utilizing artificial intelligence in future briefing.

## I. BACKGROUND

### A. Factual Background[2]

Plaintiffs Karen Mitchell-Smith and John Vogel ("Plaintiffs"), *pro se*, bring a six-count Complaint against Defendants Safeguard, a mortgage field servicer, RMAC, the mortgage holder, U.S. Bank Trust, the trustee of RMAC, and Cypress Loan, the loan servicer, in addition to Does 1-26, whom the Plaintiffs allege to be unidentified Agents of Defendants, (collectively, the "Defendants").[3]  Dkt. 1-2 at 2-3.[4]  Plaintiffs broadly allege, upon information and belief, that Defendants broke into a townhouse ("the Property"), located at 23 East Linden Street in Alexandria, Virginia, and vandalized and burglarized the Property. *Id.* at 6.

In their Complaint, Plaintiffs allege that, on an unspecified date, they returned to the Property to find it in a state of complete disarray and chaos. *Id.*  "The whole townhouse was vandalized, [and a]ll rooms were ransacked." *Id.*  Plaintiffs' personal items were strewn across the Property and drawers and cabinets had been rummaged through. *Id.* at 7.  Many of Plaintiffs' items "both large and small were taken," including but not limited to "all of the spices" from the kitchen, "family and personal photos," furniture inherited from Plaintiff Vogel's great-grandparents, decorative items, original artwork, rugs, appliances, clothing, a file cabinet containing personal documents, and a bed. *Id.* at 7-8.  Plaintiffs specifically note that the "single

---

[2] For purposes of considering Defendants' Motions, the Court accepts all facts contained within Plaintiffs' Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] Plaintiffs name 26 unidentified John Does as Defendants in this case.  Plaintiffs, however, fail to distinguish between any of the named Defendants and John Doe Defendants in their claims. The presence of the John Doe Defendants does not change the Court's analysis.  Accordingly, this Court will refer to all the Defendants collectively, including both the named and unidentified Defendants.

[4] Docket Entry page citations utilize the CM/ECF designated pagination.

most expensive missing item is undoubtedly a museum-quality piece" from the Chinese Qing Dynasty. *Id.* at 7. Further, graffiti was drawn throughout the Property, requiring the whole townhouse to be repainted as a result. *Id.* The basement of the Property was so damaged that "it is essentially no longer usable." *Id.* at 8.

Plaintiffs originally believed that the destruction and theft was the work of "anonymous thieves and vandals." *Id.* at 9. However, Plaintiffs now assert that "it has recently come to light" that the actions were "committed by agents and actors hired by Defendants and under the direction of Defendants." *Id.*

Asserting claims of trespass to real property, trespass to personal property, conversion, detinue, ouster, and negligence against all Defendants, Plaintiffs seek damages of $959,461 and ask for the return of their personal property. *Id.* at 21.

B. Procedural Background

Plaintiffs filed their Complaint in the Circuit Court of the City of Alexandria, Virginia, on November 12, 2024. Dkt. 1-2. On December 4, 2024, Defendant Safeguard filed a Notice of Removal, moving the case to this Court. Dkt. 1. On December 6, 2024, Defendant Safeguard, in lieu of an answer, filed a Motion to Dismiss and Memorandum in Support. Dkts. 3, 4. On December 10, 2024, Defendants RMAC, U.S. Bank Trust, and Cypress Loan filed their Notice of Consent for Removal. Dkt. 8. On December 20, 2024, Defendants RMAC, U.S. Bank Trust, and Cypress Loan filed their Motion to Dismiss and Memorandum in Support. Dkts. 15, 16. On January 17, 2025, Plaintiffs responded to Defendant Safeguard's Motion to Dismiss, filing their Memorandum in Opposition. Dkt. 19. On the same day, Plaintiffs also filed a Motion for Leave to File Amended Complaint. Dkt. 20. On January 23, 2025, Defendant Safeguard filed its Reply. Dkt. 23. Defendants RMAC, U.S. Bank Trust, Cypress Loan did not file a reply. On April 11,

3

2025, this Court accepted Magistrate Judge Lindsey R. Vaala's report and recommendation on Plaintiffs' Motion to Amend and denied without prejudice Plaintiffs' Motion for Leave to File an Amendment Complaint. Dkts. 27, 37.[5]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint," but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." *Coleman v. Maryland Ct. of App.*, 626 F.3d 187, 189 (4th Cir. 2010), *aff'd sub nom.*, *Coleman v. Court of App. of Md.*, 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks and citation omitted).

To avoid Rule 12(b)(6) dismissal, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. *See id.*; *Twombly*, 550 U.S. at 556. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

---

[5] Although Rule 11(a) requires "every pleading, written motion, and other paper [to be] signed . . . by a party personally if the party is unpresented," Fed. R. Civ. P. 11(a), and Plaintiff John Vogel did not sign the Complaint (Dkt. 1-2) nor the Reply (Dkt. 19), this Court will proceed, regardless, because Plaintiffs are *pro se*.

The factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).[6]

## III. ANALYSIS

Plaintiffs do not distinguish between Defendants in the Complaint and Defendants advance nearly identical arguments in their respective Motions. The Court will therefore address them together, count by count. Because Plaintiffs fail to plausibly state any claim upon which relief could be granted, the Court will grant the Motions to Dismiss and dismiss the Complaint.

### A. Trespass to Real Property

In Count I, Plaintiffs assert a trespass to real property claim against Defendants; however, Plaintiffs fail to state a plausible claim for relief. Broadly, "an action for common law trespass to land derives from the 'general principle of law [that] every person is entitled to the exclusive and peaceful enjoyment of his own land, and to redress if such enjoyment shall be wrongfully

---

[6] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing *pro se* complaint); *accord Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting *Erickson*, 551 U.S. at 94; then quoting *Iqbal*, 556 U.S. at 679)).

interrupted by another.'" *Kurpiel v. Hicks*, 284 Va. 347, 353 (2012). Specifically, under Virginia law, to state a claim for trespass to real property, a plaintiff must allege sufficient facts to establish that an individual made "an unauthorized entry onto property which result[ed] in interference" with the plaintiff's exclusive right of possession of the property. *Cooper v. Horn*, 248 Va. 417, 423 (1994).

Here, Plaintiffs do allege, upon information and belief, that Defendants broke into and vandalized and burglarized the Property. Dkt. 1-2 at 5-9. Yet, Plaintiffs fail to state any facts pertaining to which Defendants allegedly entered the Property, how they knew it was Defendants who entered the Property, or when said entry occurred. *See id.* at 1-20. In fact, Plaintiffs themselves admit that, originally, they thought the Property was damaged by "anonymous thieves and vandals," but now believe that Defendants were the perpetrators. *Id.* at 9. At the core, Plaintiffs fail to provide any facts to support these allegations, and their unfounded beliefs are not enough to state a claim for relief. *See Kashdan v. George Mason Univ.*, 70 F.4th 694, 702 (4th Cir. 2023) (affirming dismissal of claims where allegations were "far too speculative" and "devoid of facts supporting the allegations that were pleaded upon information and belief"); *see also Carter v. Va. Dep't of Game & Inland Fisheries*, 2018 WL 3614975, at *9 (E.D. Va. July 27, 2018) (holding that allegations based upon information and belief "veer away from supporting plausible inferences, and turn instead toward unsupportable conclusory talismanic statements"). Accordingly, Plaintiffs fail to take their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, Count I will be dismissed.

B. Trespass to Personal Property (Trespass to Chattels)[7]

---

[7] The Court understands a claim for trespass to personal property to be the same as a claim for trespass to chattels. *See, e.g.*, *Vivos Acquisitions, LLC v. Health Care Res. Network, LLC*, 2020 WL 6948359, at *6 (E.D. Va. Apr. 3, 2020) (defining trespass to chattels as intermeddling with

In Count II, Plaintiffs assert trespass to personal property, also known as trespass to chattels, against Defendants, but again fail to state a plausible claim for relief. Under Virginia law, trespass to chattels occurs when one party "intentionally uses or intermeddles with personal property in rightful possession of another without authorization" resulting in "the chattel [being] impaired as to its condition, quality, or value." *Vivos Acquisitions, LLC v. Health Care Res. Network, LLC*, 2020 WL 6948359, at *6 (E.D. Va. Apr. 3, 2020) (quoting *State Analysis, Inc. v. Am. Fin. Servs. Assoc.*, 621 F. Supp. 2d 309, 320 (E.D. Va. 2009)). Plaintiffs assert in conclusory fashion that Defendants stole Plaintiffs' personal belongings from the Property. Dkt. 1-2 at 10. But Plaintiffs do not provide any facts to allege that Defendants intentionally used, intermeddled, or otherwise interfered with Plaintiffs' belongings. As stated *supra*, Plaintiffs do not allege any factual basis for their belief that their possessions were tampered with by Defendants versus other unknown individuals. *See Kashdan*, 70 F.4th at 702 (4th Cir. 2023); *Carter*, 2018 WL 3614975, at *9. In other words, the factual allegations Plaintiffs do allege are no more than "[t]hreadbare recitals of the elements" of a cause of action for trespass to chattels and do not satisfy the *Iqbal* standard. 556 U.S. at 678. Thus, Count II will be dismissed.

## C. Conversion

Next, in Count III, Plaintiffs assert a conversion claim against Defendants, but once again fail to state a plausible claim for relief. In order to state a claim for conversion, under Virginia

---

personal property); *DPR Inc. of Va. v. Dinsmore*, 82 Va. Cir. 451, 2011 WL 7493447, *6 (explaining that cases where "personal property of another is used without authorization, but the conversion is not complete . . . involve the common law cause of action known as 'trespass to chattels'"), *adopted sub nom.*, *D.P.R Inc. of Virginia v. Dinsmore* (Va. Cir. Ct. 2011); *Parlier v. Casteen*, 2016 WL 3032692, *6 (W.D.N.C. May 26, 2016) (construing a claim for "possession of personal property" as a "claim for trespass to chattels"); *Seaton v. Owens*, 2003 WL 22937693, *7 (M.D.N.C. Dec. 8, 2003) (noting "trespass to chattels [is] also referred to as trespass to personal property" (parenthesis omitted)).

law, a plaintiff must assert "(i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by the defendant over the plaintiff's property, thus depriving plaintiff of possession." *Vivos Acquisitions, LLC*, 2020 WL 6948359, at *6 (quoting *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 664 (E.D. Va. 2001)).

Here, Plaintiffs assert that Defendants stole a variety of Plaintiffs' personal belongings from the Property. Dkt. 1-2 at 6-9. Specifically, Plaintiffs allege "Defendants . . . clearly took Plaintiffs' real and personal property with the intent of exercising an ownership interest inconsistent with Plaintiffs' rights of possession." Dkt. 1-2 at 19. But Plaintiffs do not provide sufficient facts alleging *precisely* which personal property Plaintiffs are asserting conversion over or when it was taken. *See Johnson v. MBA Consulting Servs. Inc.*, 97 Va. Cir. 176, *8 (2017) ("[A] plaintiff must allege the conversion of a *specific*, tangible item by the defendant." (emphasis added)). Additionally, Plaintiffs in no way plead any facts of how Defendants "engaged in an act of dominion or control over [their] personal property." *Harris v. Integrity Mgmt. Consulting, Inc.*, 2021 WL 1438310, *6 (E.D. Va. Mar. 16, 2021), or what actions Defendants took to exert control over Plaintiffs' property. Beyond that, Plaintiffs' allegations again are merely conclusory and fail to establish a claim for conversion. A bare recitation of the elements of the claim of conversion, without any factual allegations in support of the statement, does not suffice. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs fails to state a claim for conversion, and, as such, Count III will also be dismissed.

### D. Detine

Next, in Count IV, Plaintiffs assert a detinue claim against Defendants, but, again, Plaintiffs fail to state a plausible claim for relief. Under Virginia law, to state a claim for detinue, a plaintiff

must allege five elements: (1) property in the thing sought to be recovered; (2) the right to its immediate possession; (3) the capability to identify the property; (4) the value of the property; and (5) that the defendant had possession at some time prior to the institution of the action. *Vicars v. Atlantic Discount Co.*, 205 Va. 934, 938 (1965). Here, Plaintiffs broadly assert that they "seek to the furthest extent possible to recover their personal property wrongfully taken," Dkt. 1-2 at 10, but, again, Plaintiffs fail to provide sufficient facts alleging *specifically* which personal property Plaintiffs are asserting the claim of detinue over or when it was taken. *See Eung Hee Lee v. Moon Sik Park*, 73 Va. Cir. 219, 2007 WL 6013571, at *15 (2007) ("As the [detinue] action is to recover *specific* personal property, it must be described with reasonable certainty, so that possession may be given of it if recovered." (emphasis added) (quoting Martin P. Burks, Pleading and Practice § 128, at 242 (4th ed. 1952))); *Gwin v. Graves*, 230 Va. 34, 37 (1985) (noting that a party must seek the recovery of a *specific* item of personal property for a dentine claim). Moreover, the factual allegations Plaintiffs do assert to establish the value of the property are not sufficient to state a claim, Dkt. 1-2 at 20 (alleging that "many objects gone are of sentimental value . . . these items are priceless"), as the value of the property is assessed for a claim of detinue based on the fair market value, not sentimental value, *see* Va. Code § 8.01-114(A)(1) (requiring that to state a claim for detinue a plaintiff must "describe the kind, quantity, and estimated market value of the specific personal property"). As such, Plaintiffs fail to state a detinue claim, and Count IV will be dismissed.

### E. Ouster

Next, in Count V, Plaintiffs assert a cause of action for ouster against Defendants, but fail to state a plausible claim for relief. Under Virginia law, ouster is a cause of action limited to disputes between co-tenants in which the actions of one co-tenant completely deprives or excludes

the other co-tenants from the right to possess and use the property. *See* Va. Code. § 8.01-141; *Buchanan v. King's Heirs*, 63 Va. 414, 422 (1872) (noting how the exclusive possession by one tenant over a conveyance results in ouster of the other tenants). Here again, Plaintiffs simply allege, in a singular sentence, Defendants "were attempting to oust Plaintiffs . . . to force a sale of land." Dkt. 1-2 at 11. But Plaintiffs do not allege any facts pertaining to the status of any Defendants as co-tenants, or their own ownership or tenancy status. Nor do they allege facts which plausibly support that Defendants were the ones to interfere with their property. Therefore, a claim for ouster cannot be maintained, and, as such Count V will be dismissed.

### F. Negligence

Lastly, in Count VI, Plaintiffs assert a negligence claim against Defendants, but Plaintiffs fail to state a plausible claim for relief. "To plausibly state a negligence claim under Virginia law, a plaintiff must allege that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff to suffer damages. *Frempong v. Thiel*, 2024 WL 3732444, at *3 (E.D. Va. Aug. 8, 2024) (citing *Fox v. Custis*, 236 Va. 69, 73 (1988)). In this case, Plaintiffs vaguely assert Defendants owed them a "duty to act . . . and a duty to refrain . . . [of which] [i]n all instances, they failed." Dkt. 1-2 at 11. Plaintiffs further allege the Defendants' negligence "resulted in harm and in damages to Plaintiffs' personal and real property." *Id.* But Plaintiffs do not allege the source of the duties that Defendants allegedly owed to Plaintiffs, how these duties were breached by Defendants, how said breach caused Plaintiffs to suffer harm, or even what harm or damages Plaintiffs suffered. In doing so, Plaintiffs merely allege "[t]hreadbare recitals of the elements" of a negligence cause of action, without pleading sufficient facts, and do not satisfy the *Iqbal* standard. 556 U.S. at 678. Thus, Plaintiffs fail to state a claim for negligence, and Count VI will be dismissed.

## IV. CONCLUSION

In sum, Plaintiffs' Complaint is completely devoid of any details connecting the acts of which they complain to Defendants. Thus, Plaintiffs fail to state a claim for relief on each of the six counts alleged. Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendant Safeguard's Motion to Dismiss (Dkt. 3) is GRANTED and Defendants RMAC, U.S. Bank Trust, and Cypress Loan's Motion to Dismiss (Dkt. 15) is GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff may file any Amended Complaint within THIRTY (30) DAYS of the entry of this Order in order to remedy the defects in the original Complaint as noted in this Order. If Plaintiffs fail to file an Amended Complaint by that date, Plaintiffs are hereby WARNED that the case may be closed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all parties of record.

It is SO ORDERED.

Alexandria, Virginia
July 16, 2025

/s/

Rossie D. Alston, Jr.
United States District Judge